[Cite as *Phipps v. Internatl. Paper Co.*, 2013-Ohio-3994.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| MARGARET PHIPPS, | : | |
| | | CASE NO. CA2013-02-003 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 9/16/2013 |
| - vs - | | |
| | : | |
| INTERNATIONAL PAPER CO., et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CVD2011 0390


Brown, Lippert & Laite, David A. Laite, 640 Cincinnati Club Building, 30 Garfield Place, Cincinnati, Ohio 45202, for plaintiff-appellant

Dinsmore & Shohl, LLP, Susan D. Solle and Joan M. Verchot, 10 North Ludlow Street S.W., Suite 1100, Dayton, Ohio 45402, for defendant-appellee, International Paper Company

Andrew J. Alatis, Assistant Attorney General, 150 East Gay Street, 22nd Floor, Columbus, Ohio 43215, for defendant-appellee, Administrator Ohio Bureau of Workers' Compensation


**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Margaret Phipps, appeals from a jury verdict in favor of defendant-appellee, International Paper Company, entered in the Clinton County Court of Common Pleas on August 30, 2012, and the trial court's denial of her motions for directed verdict and judgment notwithstanding the verdict.

{¶ 2} On October 22, 1984, while in the course of her employment with International Paper, Phipps was injured when she slipped and fell on a sleeve (open-ended flat or tubular packaging insert). She has not worked since that day. Phipps' workers' compensation claim was allowed for 13 conditions involving her left foot, left humerus, left elbow, right distal radius, lumbosacral region, and both her knees. As a result of her injuries, Phipps underwent several surgeries over the years, including a total replacement of her left knee in 1997 and her right knee in 2010.

{¶ 3} In January 2011, Phipps applied to the Ohio Industrial Commission for allowance of an additional condition, Depressive Disorder NOS (Not Otherwise Specified) (Phipps was diagnosed with the condition in late 2010). The industrial commission denied Phipps' claim, finding no causal relation between the October 22, 1984 accident and the condition. Phipps appealed to the Clinton County Court of Common Pleas where the matter was tried to a jury.

{¶ 4} At trial, Phipps presented the expert testimony of Dr. Kevin Murphy, a psychologist; International Paper presented the expert testimony of Dr. Douglas Songer, a psychiatrist. Both experts testified during a deposition, a transcript of which was read into evidence at trial. Both experts agreed that Phipps suffered from Depressive Disorder NOS but disagreed as to whether Phipps' 1984 industrial accident was a proximate cause of her depression.

{¶ 5} At the close of International Paper's case, Phipps moved for a directed verdict which the trial court denied. On August 30, 2012, the jury returned a verdict in favor of International Paper, finding that Phipps was not entitled to participate in the workers' compensation fund for the additional condition of Depressive Disorder NOS. Phipps moved for a judgment notwithstanding the verdict.

{¶ 6} On October 31, 2012, the trial court denied Phipps' motion. The trial court

found that reasonable minds could differ as to the issue of proximate cause of Phipps' Depressive Disorder NOS; International Paper's expert never testified that the industrial accident was a "but for" proximate cause of Phipps' Depressive Disorder NOS; and the jury was free to disagree with Phipps' expert regarding proximate cause.

{¶ 7} Phipps appeals, raising one assignment of error:

{¶ 8} THE TRIAL COURT ERRED BY DENYING PLAINTIFF'S MOTION FOR DIRECTED VERDICT AND JUDGMENT NOTWITHSTANDING THE VERDICT.

{¶ 9} Phipps argues the trial court erred in denying her motions for directed verdict and judgment notwithstanding the verdict. Specifically, Phipps asserts that because both experts testified the October 22, 1984 accident played a role in the development of her Depressive Disorder NOS, the doctrine of dual causation applies and the trial court should have granted either motion. Phipps also asserts that the testimony of Dr. Songer (International Paper's expert witness) was contradictory, and thus of no probative value and could not be considered.

{¶ 10} We review a trial court's decision on a motion for directed verdict or judgment notwithstanding the verdict de novo. *See Snider v. Nieberding*, 12th Dist. Clermont No. CA2002-12-105, 2003-Ohio-5715; *Longbottom v. Mercy Hosp. Clermont*, 12th Dist. Clermont Nos. CA2011-01-005 and CA2011-01-006, 2012-Ohio-2148. A favorable ruling on either motion is not easily obtained. *See Osler v. Lorain*, 28 Ohio St.3d 345 (1986); *Christopher v. Cleveland Builders Supply Co.*, 8th Dist. Cuyahoga No. 55069, 1989 WL 18957 (Mar. 2, 1989). The standard for granting a motion for judgment notwithstanding the verdict is the same as that for granting a motion for directed verdict. *Choate v. Tranet, Inc.*, 12th Dist. Warren No. CA2005-09-105, 2006-Ohio-4565, ¶ 48.

{¶ 11} That is, when considering either motion, the evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most

strongly in favor of the party against whom the motion is made. *Id.* If the court finds that reasonable minds could not differ as to any determinative issue, then the court must sustain the motion. *Id.* If, on the other hand, there is substantial competent evidence to support the non-moving party, upon which reasonable minds might reach different conclusions, the motion must be denied. *Id.* at ¶ 49.

{¶ 12} A workers' compensation claimant seeking the right to participate for an injury arising from an industrial accident must show by a preponderance of the evidence, medical or otherwise, the existence of a direct and proximate causal relationship between the accident and the injury. *Cook v. Mayfield*, 45 Ohio St.3d 200, 204 (1989). "Proximate cause" is "'a happening or event which as a natural and continuous sequence produces an injury without which the result would not have occurred.'" *Williams v. Parker Hannifin Corp.*, 188 Ohio App.3d 715, 2010-Ohio-1719, ¶ 31 (12th Dist.), quoting *Randall v. Mihm*, 84 Ohio App.3d 402, 406 (2d Dist.1992).

{¶ 13} An injury may have more than one proximate cause. *Murphy v. Carrollton Mfg. Co.*, 61 Ohio St.3d 585, 587 (1991); *McRoberts v. Gen. Elec. Co.*, 12th Dist. Butler No. CA2012-10-216, 2013-Ohio-3083, ¶ 21. "In Ohio, when two factors combine to produce damage or illness, each is a proximate cause." *Norris v. Babcock & Wilcox Co.*, 48 Ohio App.3d 66, 67 (9th Dist.1988).

{¶ 14} We first address Phipps' argument that Dr. Songer's testimony could not be considered as it was contradictory, and thus of no probative value. In support of her assertion, Phipps cites the Ohio Supreme Court's decision in *State ex rel. Eberhardt v. Flxible Corp.*, 70 Ohio St.3d 649 (1994).

{¶ 15} In *Eberhardt*, the supreme court held that equivocal opinions are not evidence and have no probative value. *Id.* at 657. "[E]quivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous

- 4 -

statement." *Id.* "Repudiated, contradictory or uncertain statements reveal that the doctor is not sure what he means and, therefore, they are inherently unreliable. Such statements relate to the doctor's position on a critical issue." *Id.* By contrast, ambiguous statements "are considered equivocal only while they are unclarified." *Id.* Ambiguous statements "merely reveal that the doctor did not effectively convey what he meant and, therefore, they are not inherently unreliable. Such statements do not relate to the doctor's position, but to his communication skills." *Id.*

{¶ 16} Phipps asserts that Dr. Songer's testimony is contradictory and of no probative value because while he initially testified Phipps would have had the Depressive Disorder NOS regardless of the industrial accident, he conceded on cross-examination that the industrial accident played a role in the condition. We disagree.

{¶ 17} Dr. Songer testified on direct examination that Phipps would have had the Depressive Disorder NOS regardless of the industrial accident because she was strongly predisposed to depression given her childhood and family history. Specifically, Dr. Songer testified that because two of Phipps' relatives (a brother and an uncle) committed suicide, Phipps had "a pretty strong genetic loading and predisposition towards depression." Phipps was also predisposed to depression due to the fact that she dropped out of high school in 10th grade, became pregnant at age 16, and got married when she was a teenager. Dr. Songer also noted that Phipps lived apart from her second husband for several weeks before her evaluation with Dr. Songer, due to her temporary inability to care for her husband's medical issues.

{¶ 18} On cross-examination, Dr. Songer reiterated his position that regardless of the industrial accident and the chronic pain it triggered, Phipps would have had the Depressive Disorder NOS because she was psychologically predisposed to, and had a genetic disposition to depression given her childhood and family history. When asked whether

Phipps' chronic pain from the industrial accident played a role in the development of the Depressive Disorder NOS, Dr. Songer replied it was "not a direct yes or no." Dr. Songer subsequently explained that (1) pain and depression go together, and anyone with chronic pain is more prone to developing depression; (2) chronic pain was one of many factors; (3) given Phipps' family history and life over the last 30 years, he was "hard pressed to think that the [1984] injury * * * twenty-seven or twenty-eight years ago [is] directly causal of her current depressive symptoms;" and (4) chronic pain played a role in Phipps' depression but "the challenge [was] how prominent that role is."

{¶ 19} Subsequently, on redirect examination, Dr. Songer was asked: "[Phipps' attorney] asked you a lot of questions about whether her medical history and chronic pain could have played any role in her current depressive disorder, I want to ask you could you say that Ms. Phipps would not be depressed but for her medical injury?" Dr. Songer replied, "I absolutely could not say that[.]"

{¶ 20} Given Dr. Songer's foregoing testimony, we find it was not contradictory and that it could be considered. Dr. Songer consistently testified that Phipps would have had the Depressive Disorder NOS regardless of the industrial accident. While Dr. Songer testified chronic pain was a factor and played a role in Phipps' depression, he never testified that chronic pain was a proximate cause of Phipps' Depressive Disorder NOS.

{¶ 21} Phipps also asserts that because both experts testified the October 22, 1984 accident played a role in the development of her Depressive Disorder NOS, the doctrine of dual causation applies and the trial court should have granted her directed verdict motion or her motion for judgment notwithstanding verdict. We disagree.

{¶ 22} As stated above, Dr. Songer consistently testified that Phipps would have had the Depressive Disorder NOS regardless of the industrial accident because she was predisposed to depression given her childhood and family history. While Dr. Songer testified

that chronic pain was one factor and played a role in Phipps' depression, he never testified it was a proximate cause of her Depressive Disorder NOS.

{¶ 23} Dr. Murphy (Phipps' expert witness) testified that the 1984 industrial accident and the chronic pain it triggered directly and proximately caused the Depressive Disorder NOS. Dr. Murphy testified that in reaching his opinion, he did not consider the suicide of Phipps' relatives or Phipps' lack of formal education, her teenage pregnancy, or her teenage marriage. Dr. Murphy testified the fact Phipps lived apart from her second husband for some time, a factor he considered, could have influenced Phipps' depression.

{¶ 24} Phipps was required to prove by a preponderance of the evidence that the industrial accident was a proximate cause of her Depressive Disorder NOS; that is, but for the industrial accident, Phipps would not have suffered from depression. The trial court instructed the jury on proximate cause and dual causation as follows:[1]

> Before you may find for the Plaintiff on the issue of causation, you must find that the condition alleged by the Plaintiff was directly and proximately caused by the incident of October 22, 1984.
>
> Proximate cause is an event which in the natural and continuous sequence directly produces the injuries, and without which it would not have occurred. It is not necessary that Plaintiff establish that her recognized industrial injuries resulting from the October 22, 1984 accident at International Paper Company was the only proximate cause of Plaintiff's claimed Depressive Disorder – NOS. It is sufficient if her recognized industrial injuries * * * was a proximate cause or one of the proximate causes of Plaintiff's claimed Depressive Disorder – NOS.

{¶ 25} We find that the trial court did not err in denying Phipps' motions for directed verdict and judgment notwithstanding the verdict. As stated earlier, the evidence adduced at

---

1. In her motion for judgment notwithstanding the verdict, Phipps misstated the dual causation jury instruction by misquoting the last sentence. Phipps' quote read: "It is sufficient if her recognized industrial injuries * * * was *a cause* or one of the proximate causes of Plaintiff's claimed Depressive Disorder – NOS." (Emphasis added.) Although the misstatement was pointed out by the trial court in its entry denying Phipps' motion, Phipps has made the same misstatement in her appellate brief.

trial must be construed most strongly in favor of the nonmoving party, and where there is substantial, competent evidence to support the non-moving party and reasonable minds may reach different conclusions on such evidence, the motions must be denied. *Longbottom*, 2012-Ohio-2148 at ¶ 26. Reasonable minds could reach different conclusions based on the opposing expert opinions presented with regard to the proximate cause of Phipps' Depressive Disorder NOS. International Paper provided sufficient evidence to support its position. *See Hippely v. Lincoln Elec. Holdings, Inc.*, 8th Dist. Cuyahoga No. 96439, 2011-Ohio-5274.

{¶ 26} Phipps' assignment of error is overruled.

{¶ 27} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.