[Cite as *Unifund CCR, L.L.C. v. Barden*, 2020-Ohio-215.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| UNIFUND CCR, LLC | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JAIME A. BARDEN | : | Case No. 19 CAE 05 0036 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 18 CV H 05 0269


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 January 22, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DAVID A. BADER                            JAIME A. BARDEN, PRO SE
P.O. Box 42348                            709 Slate Hollow Court
Cincinnati, OH  45242                     Powell, OH  43065

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Jaime A. Barden, appeals the April 29, 2019 judgment entry of the Court of Common Pleas of Delaware County, Ohio, granting summary judgment to Plaintiff-Appellee, Unifund CCR, LLC.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On May 29, 2018, appellee filed a complaint against appellant for non-payment on a credit card issued by Citibank, N.A.  The complaint alleged breach of contract, claims on account, promissory estoppel, and unjust enrichment.

{¶ 3}  On December 7, 2018, appellee filed a motion for summary judgment, claiming genuine issues of material fact did not exist.  By judgment entry filed April 29, 2019, the trial court granted the motion, finding appellee had established the right to recover damages under its breach of contract claim and was entitled to judgment in the amount of $25,110.85 plus interest and costs.

{¶ 4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}  "THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BEFORE DISCOVERY WAS COMPLETE, OR DUE."

II

{¶ 6}  "THE TRIAL COURT ERRED IN GRANTING MOTION FOR SUMMARY JUDGMENT WITH UNAUTHENTICATED DOCUMENTATION.  CASE IS NOT TIME BARRED.  CHAIN OF TITLE NOT COMPLETE."

III

{¶ 7} "NO AGREEMENT PRESENTED ATTACHING DEFENDANT TO ACCOUNT, NO SIGNATURE ON DOCUMENTS, NO PROOF OF USE BY DEFENDANT."

{¶ 8} All three assignments of error challenge the trial court's granting of summary judgment to appellee. Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 9} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary

judgment must be viewed in the light most favorable to the opposing party.

*Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 11} We will review the three assignments of error within the framework of these standards.

I

{¶ 12} In the first assignment of error, appellant claims the trial court erred in granting summary judgment to appellee before discovery was complete or due. We disagree.

{¶ 13} By scheduling entry filed October 11, 2018, the trial court set the discovery cutoff date for March 8, 2019, with dispositive motions filed by March 29, 2019. The trial court filed its decision on April 29, 2019, after the discovery cutoff date. The record does not contain any indication that appellant requested an extension to conduct additional discovery. If appellee failed to respond to requested discovery, appellant did not file a motion to compel to bring the matter to the trial court's attention.

{¶ 14} Upon review, we find the trial court did not rule prior to discovery being complete or due.

{¶ 15} Assignment of Error I is denied.

II

{¶ 16} In the second assignment of error, appellant claims the trial court erred in granting summary judgment to appellee with unauthenticated documentation. We disagree.

{¶ 17} Appellant argues appellee did not prove it was the real party in interest and the trial court should have stricken the affidavit of Heather Rodgers.

{¶ 18} In her affidavit attached to appellant's motion for summary judgment, Ms. Rodgers averred she was appellee's authorized representative, she was a custodian of the records, and "all records are kept within my immediate supervision." Rodgers aff. at ¶ 1 and 5. She stated she was familiar with all of the records held by appellee "which includes contract and/or accounts that have been assigned to Plaintiff when the amounts owed under the contract and/or account to the original creditor are due and owing and charged off by the original creditor." *Id.* at ¶ 3. She averred her statements were based upon her personal knowledge and her review "of the business records of Citibank, which were maintained by them in the regular course of business" and were provided to appellee. *Id.* at ¶ 6. She stated appellant's account was assigned to appellee as evidenced by attached Exhibit 1 "which are true and accurate copies and were obtained and maintained in the normal and ordinary course of Plaintiff's business." *Id.* at ¶ 9.

{¶ 19} Exhibit 1 contains assignments from Citibank, N.A. to Pilot Receivables Management, LLC, from Pilot to Distressed Asset Portfolio III, LLC, and from Distressed to appellee. Each assignment contains an attachment listing appellant's name and account number [redacted to comply with Sup.R. 45(D)]. Attached to the affidavit as Exhibit 2 are credit card statements issued by Citi evidencing the amount due and owing.

{¶ 20} In its judgment entry filed April 29, 2019, the trial court thoroughly analyzed the applicable rules and case law and concluded the documents satisfied Evid.R. 803(6) and thus were properly authenticated.  We concur with the trial court's analysis and decision.  As noted by the trial court, appellant did not produce any evidence to indicate the affidavit or the attached documents were not trustworthy.

{¶ 21} Upon review, we find the trial court relied on properly authenticated documents in granting summary judgment to appellee.

III

{¶ 22} In the third assignment of error, appellant claims the trial court erred in granting summary judgment to appellee because no documentation was presented attaching appellant to the account i.e., no showing of a signature or proof of use.  We disagree.

{¶ 23} Via the affidavit of Ms. Rodgers with the attached exhibits, appellee presented evidence of a credit card account bearing appellant's name and statements from 2015 bearing appellant's current address and an outstanding balance.  Ms. Rodgers averred the account was opened in January 2000, and appellant "utilized services from the original creditor as late as 09/10/2015, which represents the last activity associated with the Defendant."  Rodgers aff. at ¶ 7 and 8.  Appellant used the account or authorized its use to charge amounts to acquired goods and/or services for fifteen years.  As stated by our colleagues from the Twelfth District in *CACH, LLC v. Donohue,* 12th Dist. Warren No. CA2016-08-083, 2017-Ohio-5672, ¶ 13:

The case law in Ohio is clear that the issuance and use of a credit card creates a legally binding agreement between the issuer and the user of a credit card. *See Citibank v. Ebbing*, 12th Dist. Butler No. CA2012-12-252, 2013-Ohio-4761, ¶ 54. Accordingly, a written contract is not necessary for a credit card agreement to be binding. *Id.*

{¶ 24} As further explained in *Citibank, N.A. v. Hyslop,* 10th Dist. Franklin No. 12AP-885, 2014-Ohio-844, ¶ 11:

Thus, "a creditor need not produce a signed credit card application to prove the existence of a legally binding agreement because the credit card agreement created one." *Discover Bank v. Poling,* 10th Dist. No. 04AP-1117, 2005-Ohio-1543, ¶ 17. Further, "[t]o constitute an account, 'it is not necessary that every transaction that has transpired between the parties be included during the entire existence of their business relationship.' " *Ohio Receivables, LLC v. Dallariva,* 10th Dist. No. 11AP-951, 2012-Ohio-3165, ¶ 30, quoting *Wolf Automotive v. Rally Auto Parts, Inc.,* 95 Ohio App.3d 130, 134, 641 N.E.2d 1195 (10th Dist.1994).

{¶ 25} Appellant did not allege or provide any evidence of identity theft or forgery.

{¶ 26} Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶ 27} Assignment of Error III is denied.

{¶ 28} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.


EEW/db