DECISION AND JUDGMENT ENTRY
{¶ 1} This cause comes on appeal from a verdict rendered by the Lucas County Court of Common Pleas after a bench trial on the issue of whether appellant, Janet L. Swiczkowski, is entitled to participate in the Bureau of Workers' Compensation Fund. The Industrial Commission of Ohio had determined that appellant had only experienced an "exacerbation" or a "flare-up" of a preexisting condition, not a new injury. Appellant argues that the verdict in favor of appellee, the Bureau of Workers' Compensation ("BWC"), is against the manifest weight of the evidence.
 {¶ 2} The following facts were elicited at trial and from the videotape deposition testimony of appellant's chiropractic physician and a physician retained by the BWC. Appellant has a history of back problems dating to an injury in 1982. In March 2002, appellant was employed by Senior Care Management as a nursing aide, a field in which she had prior experience. On her second day of employment, she attempted to transfer a patient from a bed to a wheelchair. When doing so, she felt what she described as a "pop" or a "snap" in her lower back. She was unable to stand straight and felt pain radiating down the back of her legs. Appellant stated that she reported the incident to her supervisor, although she was unable to produce any documentary verification of her verbal report. Appellant attempted to finish her shift, but when her pain did not diminish she went home.
 {¶ 3} The next day appellant saw Dr. Fields, her treating chiropractor. She had been treating her back condition with Dr. Fields for several months. Dr. Fields ordered her to cease work until April 29, 2002. Appellant also saw her primary care physician, Dr. Watkins. Thereafter, appellant filed a new claim for an injury with the BWC. Ultimately, appellant never returned to work at Senior Care Management.
 {¶ 4} Appellant's medical history was mostly undisputed. In 1982, appellant sustained an injury to her lower back while working as a nurse's aide in a nursing home. Appellant acknowledged that the 1982 injury and symptoms were essentially similar to the instant injury. After receiving treatment, appellant was able to continue employment, although she was no longer able to work as a nurse's aid because she was unable to lift much weight. Appellant filed a claim for that injury, the BWC found her eligible to participate in the fund for that injury, and appellant still has an open claim.
 {¶ 5} Since 1982, appellant required periodic epidural injections to treat her back condition. In 1988, appellant had surgery for a herniated disc in her lower back, and she stated that the aggravation to the disc had occurred over a period of time. In 1989, appellant was diagnosed with degenerative disc disease. In July 2001, appellant again suffered back pain and muscle spasms while working at Sunrise Windows on a production line. Because her employment with Sunrise Windows required hours of standing on cement, and due to her back pain and a prior knee surgery, appellant did not return to work. Approximately a year before working for Senior Care, appellant was in an automobile accident, suffered a neck injury, and subsequently experienced problems with her arms and shoulders; however, she testified that the accident did not cause any symptoms related to her back. During this time period, appellant was diagnosed with fibromyalgia, and she was prescribed pain medication and physical therapy. When appellant began treating with Dr. Fields, two months prior to beginning employment at Senior Care Management, she reported that her back pain from the 1982 injury increased with "walking, lifting, driving, sitting," and also "standing" and "being on feet all day."
 {¶ 6} After the events at Senior Care Management, in August 2002, appellant sought treatment for an "exacerbation" of her back pain due to climbing a ladder while painting. Also in August 2002, her physician's notes indicate that appellant had a week of significant back pain extending into her legs after "frolicking" on a beach with friends.
 {¶ 7} At trial, with respect to appellant's medical history, the parties argued whether appellant's injuries were objectively an aggravation sufficiently substantial to qualify her for BWC fund participation, or whether her symptoms only subjectively rendered her unable to work. In his report, Dr. Fields wrote that appellant "reported to our office in a severe acute state of musculoskeletal symptomatology [sic]. * * * There was no questions [sic] that she had significantly aggravated her condition. Subjectively before this occurrence she was at least 50% improved and now presented in a regressed state * * *. Objectively she presented positive orthopedic and neurological indication validating her status. She was unable to work in normal capacity from March 18, 2002 thru [sic] April 12, 2002. She returned to pre-aggravation status on April 30, 2002."
 {¶ 8} The trial court's findings of fact state, "Plaintiff was attempting to move a patient, for whom she was providing care, during the course of her employment, when she experienced a `pop or snap' in her low back, which caused her pain in her low back and radiated pain down her legs." However, the trial court found that, because appellant's "symptomology and etiology" both before and after the occurrence was the same, that the condition was a "flare-up" of appellant's condition beginning with her injury in 1982, appellant had not demonstrated that the event caused an "aggravation" of her pre-existing condition, and as such did not warrant her participation in the BWC fund.
 {¶ 9} From that verdict, appellant raises three assignments of error:
 {¶ 10} "THE VERDICT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 11} "THE VERDICT FORM ENTERED BY THE TRIAL COURT IS IN DIRECT CONTRADICTION TO SECTION 4123.512, REVISED CODE.
 {¶ 12} "THE TRIAL COURT ERRED IN DEFINING A `WORK RELATED INJURY' PURSUANT TO A BUREAU OF WORKERS' COMPENSATION DEFINITION, AND NOT THE STATUTORY DEFINITION FOUND IN SECTION 4123.01(C)."
 {¶ 13} Appellant first argues that the trial court's verdict was against the manifest weight of the evidence. The appellate standard of review on manifest weight of the evidence issues in a civil case is whether the record contains some competent, credible evidence in support of the trial court's decision. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Const. Co. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 14} R.C. 4123.01(C) defines an "injury" for BWC fund participation purposes as "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." An "aggravation" of a pre-existing condition qualifies as an "injury" for BWC purposes. Ackerman v.Industrial Commission (1936), 131 Ohio St. 371. An aggravation need not be "substantial" to qualify an employee for coverage.Schell v. Globe Trucking, Inc. (1990), 48 Ohio St.3d 1. That is, an injury does not have to be of any particular magnitude in order for a claimant to participate in the fund with respect to any disability resulting from the injury. Id. However, the injury must have some real adverse effect, even if the effect is relatively slight. Id. at 3. Additionally, appellant notes, an employer "takes its employees as it finds them" and runs the risk of an employee aggravating a preexisting condition during the course and scope of employment. Saurer v. Allied MouldedProducts, Inc. (2002), 150 Ohio App.3d 271, 275, citingHamilton v. Keller (1967), 11 Ohio App.2d 121, 127.
 {¶ 15} Here, the finding that appellant experienced a "flare-up" during her employment with Senior Care Management, as opposed to an "aggravation" of her preexisting injury, is supported by competent, credible evidence. Appellant has been participating in the BWC fund since 1982, and has accumulated an extensive history of problems associated with her initial injury. Her overall medical history and records demonstrate recurring episodes whereby her pre-existing injury would "flare up" with more severe symptoms which would then recede. Appellant's medical records and Dr. Field's testimony indicate that, even aside from her employment endeavors, appellant's subjective symptoms would worsen after long periods of standing, any exertion, and some daily living activities. The event at Senior Care Management was undocumented by its staff or appellant while at work. Appellant does not take issue with this evidence, only with what she deems a mischaracterization of the evidence. However, the trial court reasonably found that appellant could not carry her burden of proof as to whether the event at Senior Care Management caused an aggravation of symptoms such as to constitute a new injury. The trial court's judgment that appellant was not eligible to participate in the BWC fund is not against the manifest weight of the evidence. Appellant's first assignment of error is not well-taken.
 {¶ 16} Because we find that the verdict was not against the manifest weight of the evidence, we decline to address appellant's second and third assignments of error and find them moot. Although the verdict form did not expressly and explicitly state that it found appellant ineligible to participate in the BWC fund for a new injury, it stated, "verdict is hereby rendered for the defendant." As appellee notes, the statute appellant cites does not require particular language to be included in a verdict or order of the court. Additionally, the trial court did not appear to have applied any standard other than the statutory definition. Any error is harmless, as the clear result is that appellant was correctly found ineligible to participate in the fund.
 {¶ 17} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J. concur.