[Cite as *Haynik v. Sherwin-Williams Co.*, 2014-Ohio-1620.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100064

---

# JAMES HAYNIK

PLAINTIFF-APPELLEE

vs.

# SHERWIN-WILLIAMS COMPANY

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-789175

**BEFORE:** E.A. Gallagher, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**ATTORNEY FOR APPELLANT**

Frank Consolo
Consolo Law Firm Ltd.
212 Hoyt Block
700 West St. Clair Avenue
Cleveland, OH    44113

**ATTORNEYS FOR CLAIMANT-APPELLEE JAMES HAYNIK, ET AL.**

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH    44113

Frank Gallucci, III
John Calabrese
David E. Gray, II
Plevin & Gallucci Co., L.P.A.
55 Public Square, Suite 2222
Cleveland, OH    44113

**ATTORNEYS FOR APPELLEE ADMINISTRATOR OF THE BUREAU OF WORKERS' COMPENSATION**

Mike DeWine
Ohio Attorney General

BY:    Susan A. Beres
Assistant Attorney General
State Office Building, 11th Floor
615 West Superior Ave.
Cleveland, OH    44113-1899

EILEEN A. GALLAGHER, J.:

**{¶1}** Appellant Sherwin-Williams Company appeals from a jury verdict rendered in the Cuyahoga County Court of Common Pleas. Sherwin-Williams argues that the trial court erred in denying its motion for a directed verdict and claims that the jury's verdict was against the manifest weight of the evidence. Finding no merit to the instant appeal, we affirm the decision of the trial court and uphold the jury's verdict.

**{¶2}** James Haynik filed an administrative appeal in the Common Pleas Court requesting a trial upon the question of whether he was entitled to participate in the workers' compensation system for a substantial left-knee aggravation injury. Sherwin-Williams denied Haynik's allegations and the case proceeded to trial.

**{¶3}** Haynik testified that he was 62 years old and that he worked for Sherwin-Williams for 11 years. Haynik stated that outside of work he was active and participated in organized sports leagues and also jogged occasionally. Haynik also testified that roughly 30 years earlier, he sustained a significant left-knee injury during a football game. Haynik's knee had to be surgically reconstructed.

**{¶4}** Haynik testified that on December 16, 2010, while at the Sherwin-Williams facility, he fell over two buckets of paint and hit the floor. Haynik stated that his left knee hurt after the fall but that he took pain medications and wrapped the joint with a bandage. On January 13, 2011, Haynik again fell over paint cans while working at

Sherwin-Williams. Haynik testified that during this fall, his left knee struck the ground hard and he had noticeably worse pain than during the previous incident.

{¶5} Because of his pain, Haynik sought treatment from Dr. William Bohl, a colleague of Dr. Brightman who had reconstructed Haynik's knee approximately 30 years ago. Dr. Bohl testified that he took a medical history, conducted an exam and took x-rays of Haynik's left knee. Dr. Bohl explained that the x-rays showed a loss of most of the medial joint space and bow leggedness as well as medial, lateral and patellar spurs. Dr. Bohl diagnosed Haynik with osteoarthritis in the knee. Dr. Bohl testified that Haynik complained of a painful nodule in the knee. During the examination, Dr. Bohl felt and was able to manipulate a lump under the skin and outside of Haynik's knee joint. Dr. Bohl continued to treat Haynik for the pain in his left knee and, on June 21, 2011, he performed a left-knee arthrotomy. Dr. Bohl testified that he removed the moveable mass from Haynik's knee and identified the mass as a fragment of fractured cartilage lodged inside the knee.

{¶6} Haynik continued to visit Dr. Bohl postoperatively and was still experiencing pain, swelling and atrophy of the joint in December 2011. Dr. Bohl, based on the subjective and objective information gleaned from his treatment of Haynik, testified that as a result of the fall sustained at Sherwin-Williams, Haynik suffered a substantial aggravation of preexisting post-traumatic arthritis of the left knee.

{¶7} In response, Sherwin-Williams presented the testimony of Dr. Dennis Glazer, who opined that there was no objective evidence that a substantial aggravation injury had been sustained in a work-related accident.

{¶8} Sherwin-Williams moved for a directed verdict at the close of Haynik's case and again before the court submitted the case to the jury. The trial court denied Sherwin-Williams' motions on both occasions. The jury returned a verdict in favor of Haynik, entitling him to participate in the workers' compensation fund for the additionally allowed condition of "substantial aggravation of pre-existing post-traumatic arthritis of the left knee" as a result of an injury sustained during the course of and arising out of his employment with Sherwin-Williams.

{¶9} Sherwin-Williams appeals, raising the following assignments of error:

The trial court erred in denying Appellant's motion for a directed verdict that Appellee Haynik is not entitled to participate in the Workers' Compensation Fund for the condition of "substantial aggravation of pre-existing post-traumatic arthritis of the left knee" as a result of an injury sustained during the course of and arising out of his employment with Appellant Sherwin Williams.

The jury's verdict entitling Appellee Haynik to participate in the Workers' Compensation Fund for the condition of "substantial aggravation of pre-existing post-traumatic arthritis of the left knee" as a result of an injury sustained during the course of and arising out of his employment with Appellant Sherwin Williams Company was against the manifest weight of the evidence.

{¶10} In its first assignment of error, Sherwin-Williams argues that the trial court erred when it denied its motion for a directed verdict. This court reviews the grant or

denial of a motion for directed verdict pursuant to a de novo standard of review. *See Devine v. Calanni Ents.,* 8th Dist. Cuyahoga No. 90840, 2008-Ohio-5103. *Grau v. Kleinschmidt*, 31 Ohio St.3d 84, 90, 509 N.E.2d 399 (1987).

{¶11} Civ.R. 50 sets forth the standards for granting a motion for a directed verdict:

> When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.

Civ.R. 50(A)(4).

{¶12} In deciding a motion for a directed verdict, the trial court must construe the evidence most strongly in favor of the nonmoving party. *Devine*; *Nickell v. Gonzalez*, 17 Ohio St.3d 136, 477 N.E.2d 1145 (1985). Thus, the trial court must submit an issue to the jury if there is evidence that, if believed, would permit reasonable minds to come to different conclusions. *Devine*.

{¶13} In the present case, the parties do not dispute that on December 16, 2010, and again on January 13, 2011, Haynik fell over paint cans while performing his job duties. Thus, in order to participate in the Ohio's workers' compensation system,

Haynik must establish that an injury occurred as a result of either of these falls. Pursuant to R.C. 4123.01(C)(4), an injury does not include:

> A condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury. Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶14} In support of its motion for a directed verdict, Sherwin-Williams argued that Haynik failed to offer any objective evidence, i.e., objective diagnostic findings, objective clinical findings or objective test results, evidencing his substantial aggravation claim as required by R.C. 4123.01(C)(4). Specifically, Sherwin-Williams finds it significant that Haynik did not present objective evidence in the form of an x-ray, showing the condition of his left knee prior to the two workplace falls. The appellant argues that absent this evidence, there is no objective evidence of a substantial aggravation.

{¶15} In response, Haynik turned to the videotaped testimony of Dr. Bohl, who detailed the x-rays he reviewed and the physical examinations he conducted, as well as the surgery he performed revealing a cartilage fragment consistent with Haynik's workplace accidents. Additionally, Haynik presented medical records to the trier of fact confirming that the loose foreign object in his left knee, which Haynik testified had not been there before his workplace falls, had been palpated during examination and removed during the surgery of January 21, 2011.

**{¶16}** This court recently reviewed an argument similar to the current argument proffered by Sherwin-Williams. In *Gardi v. Bd. of Edn. Lakewood City School Dist.*, 8th Dist. Cuyahoga No. 99414, 2013-Ohio-3436. We concluded as follows:

> We find the language of R.C. 4123.01(C)(4) to be clear and unambiguous. Specifically, the statute requires that a substantial aggravation of a pre-existing injury must be documented by objective diagnostic findings, objective clinical findings, or objective test results. There is no language anywhere in the statute that requires the pre-existing condition to be medically documented prior to the workplace injury that allegedly aggravated the condition. Accordingly, any requirement that a claimant must present pre-injury documentation of the pre-existing condition before the claimant may recover under R.C. 4123.01(C)(4) for substantial aggravation of the condition adds a requirement that is not in the statute.
> **{¶17}** Thus, this court has previously held that R.C. 4123.01(C)(4) does not

require any medically documented proof of the injured worker's condition prior to the aggravation injury. In fact, requirement of such proof would be available only in the most limited and fortuitous circumstances wherein imaging studies had been conducted of the afflicted body part before the workplace accident occurred. Such a requirement is not present in the statute, and we decline to make it so in the present case.

**{¶18}** Viewing the evidence most strongly in favor of Haynik, we cannot say that reasonable minds could reach only one conclusion in favor of Sherwin-Williams. Haynik presented substantial evidence in the form of medical testimony, medical records and personal testimony documenting the substantial aggravation to his left-knee injury following the workplace falls. We, therefore, find the trial court correctly denied Sherwin-Williams' motion for a directed verdict.

**{¶19}** The appellant's first assignment of error is overruled.

**{¶20}** In its second and final assignment of error, Sherwin-Williams argues the jury's verdict is against the manifest weight of the evidence.    We disagree.

**{¶21}** Primarily, we note that a court of appeals panel must act unanimously to reverse a jury verdict on the weight of the evidence.    *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.    Weight of the evidence concerns

> the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.    It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.    Weight is not a question of mathematics, but depends on its effect in inducing belief.

*State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.

**{¶22}** The Ohio Supreme Court recently clarified that the *Thompkins* manifest weight standard of review applies equally to civil cases.    *See Eastley*.

**{¶23}**    In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact. *Eastley*.

> [I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

> If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.

*Seasons Coal Co., Inc., v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

**{¶24}** As discussed in the previous assigned error, we determined that Haynik presented ample evidence of substantial aggravation of his left-knee injury as a result of workplace falls in the form of medical testimony, medical records and personal testimony. Thus, we cannot say that the trier of fact lost its way and created a manifest miscarriage of justice in finding for Haynik.

**{¶25}** Sherwin-Williams' second assignment of error is overruled.

**{¶26}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR