[Cite as *Fabro v. OhioHealth Corp.*, 2014-Ohio-5161.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Joan C. Fabro,                                  :

     Plaintiff-Appellant/          :
     Cross-Appellee,

                                   :           No. 13AP-755
v.                                                      (C.P.C. No. 12CV-13675)
                                   :

OhioHealth Corporation,

                                   :           (REGULAR CALENDAR)
     Defendant-Appellee/
     Cross-Appellant,            :

                                   :

Steven Buehrer, Administrator
State of Ohio Bureau of Workers'               :
Compensation,

                                   :

     Defendant-Appellee.

                                   :

---

D E C I S I O N

Rendered on November 20, 2014

---

*Agee, Clymer, Mitchell & Laret,* and *Katherine E. Ivan,* for
appellant.

*Habash & Reasoner LLC, Stephen J. Habash,* and *Dennis H.
Behm,* for appellee.

---

     APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

     {¶ 1} This is an appeal by plaintiff-appellant/cross-appellee, Joan C. Fabro, from
an entry of the Franklin County Court of Common Pleas granting summary judgment in

favor of defendant-appellee/cross-appellant, OhioHealth Corporation ("OhioHealth"). OhioHealth has filed a cross-appeal from the trial court's entry of summary judgment.

{¶ 2} On January 15, 2009, appellant, while working as a nurse's aide for OhioHealth, suffered an injury when a patient she was assisting fell on top of her. Appellant subsequently filed an application for workers' compensation benefits, and the Ohio Bureau of Workers' Compensation ("BWC") allowed the claim for bilateral shoulder sprain, cervical sprain, and thoracic sprain. On June 15, 2010, appellant filed a motion to amend her claim for the additional conditions of substantial aggravation of pre-existing "degenerative disc disease at C5-6 resulting in left C5-6 radiculopathy," and substantial aggravation of pre-existing "degenerative joint disease at C5-6 resulting in left C5-6 radiculopathy."

{¶ 3} A district hearing officer ("DHO") for the Industrial Commission of Ohio ("commission") issued an order granting appellant's request for the additional conditions, and OhioHealth appealed that decision. A staff hearing officer subsequently vacated the DHO's order, denying the requested additional allowances for substantial aggravation, and the commission refused appellant's further appeal. On December 30, 2010, appellant filed an appeal with the trial court from the commission's decision, seeking the right to participate in the Ohio workers' compensation system. OhioHealth filed a motion for summary judgment, and appellant voluntarily dismissed her appeal.

{¶ 4} On October 30, 2012, appellant refiled her appeal, naming as defendants OhioHealth and defendant-appellee, Steven Buehrer, administrator of the BWC. On May 31, 2013, OhioHealth filed a motion for summary judgment asserting that the evidence failed to establish a substantial aggravation of a pre-existing condition. Appellant filed a memorandum in opposition to the motion for summary judgment. On August 7, 2013, the trial court filed a decision granting summary judgment in favor of OhioHealth.

{¶ 5} On appeal, appellant sets forth the following three assignments of error for this court's review:

> 1. THE TRIAL COURT ERRED WHEN FINDING THAT A PLAINTIFF MUST PROVIDE DOCUMENTED EVIDENCE OF AN AGGRAVATED CONDITION FROM BEFORE THE INJURY TO PROVE A SUBSTANTIAL AGGRAVATION OF A PRE-EXISTING CONDITION.

2. THE TRIAL COURT ERRED WHEN FINDING THAT THE ONLY EVIDENCE MS. FABRO PRESENTED IN SUPPORT OF HER CLAIM IS THE TESTIMONY OF DR. MAY.

3. THE TRIAL COURT ERRED WHEN FINDING THAT THE ONLY EVIDENCE DR. MAY PRESENTS TO ESTABLISH THE EXISTENCE OF THE CONDITION PRE-INJURY IS THE STATEMENTS MADE BY PLAINTIFF AFTER THE INJURY.

{¶ 6} OhioHealth presents the following single assignment of error on cross-appeal:

THE TRIAL COURT ERRED BY FAILING TO ALSO GRANT SUMMARY JUDGMENT ON THE SEPARATE AND INDEPENDENT BASIS THAT PLAINTIFF'S SOLE EXPERT WITNESS TESTIFIED THAT HE WAS APPLYING THE INCORRECT LEGAL STANDARD WHILE OPINING THAT CLAIMANT INCURRED A "SUBSTANTIAL AGGRAVATION" OF A PRE-EXISTING CONDITION UNDER R.C. 4123[.01](C)(4).

{¶ 7} Under the first assignment of error, appellant challenges the trial court's grant of summary judgment in favor of OhioHealth, asserting that the court erred in holding that a claimant must present documented evidence of an aggravated condition from both before and after the injury in order to prove substantial aggravation of a pre-existing condition. Appellant maintains the trial court's reliance on a decision rendered by the Sixth District Court of Appeals, *Smith v. Lucas Cty.,* 6th Dist. No. L-10-1200, 2011-Ohio-1548, was misplaced.

{¶ 8} In accordance with Civ.R. 56(C), a trial court shall grant summary judgment if the filings in the action, including the pleadings and affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This court's review of a trial court's decision on summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.

{¶ 9} Under Ohio law, " '[a] workers' compensation claimant seeking the right to participate for an injury arising from an industrial accident must show by a preponderance of the evidence, medical or otherwise, the existence of a direct and

proximate causal relationship between the accident and the injury.' " *Briggs v. Franklin Pre-Release Ctr.,* 12th Dist. No. CA2013-10-035, 2014-Ohio-2477, ¶ 10, quoting *Phipps v. Internatl. Paper Co.,* 12th Dist. No. CA2013-02-003, 2013-Ohio-3994, ¶ 12. Pursuant to R.C. 4123.01(C)(4), "injury" does not include "[a] condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury." R.C. 4123.01(C)(4) further provides:

> Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶ 10} In 2006, the legislature added the above language of subdivision (C)(4) as part of Am.Sub.S.B. No. 7 ("S.B. No. 7"). *Pflanz v. Pilkington LOF,* 1st Dist. No. C-100574, 2011-Ohio-2670, ¶ 13. Prior to this amendment, "the Ohio Supreme Court had held * * * that '[a] workers' compensation claimant who has proven a work-related aggravation of a pre-existing condition is not required to prove that the aggravation is substantial in order to be entitled to a determination of the extent of his participation in the State Insurance Fund.' " *Id.,* quoting *Schell v. Globe Trucking, Inc.,* 48 Ohio St.3d 1 (1990), syllabus.

{¶ 11} At issue under the first assignment of error is the trial court's interpretation of R.C. 4123.01(C)(4) as applied to the evidence presented on summary judgment. As indicated above, appellant contends the trial court, in granting summary judgment in favor of OhioHealth, erred in its interpretation and reliance on the decision in *Smith.* Under the facts of that case, the appellant slipped and fell on a wet floor while acting within the course and scope of her employment, sustaining injuries to her head, neck, wrist, and elbow. BWC allowed the claim for various conditions, and appellant subsequently filed a motion to amend her claim to include an additional allowance for "aggravation of preexisting variant of Chiari malformation." *Id.* at ¶ 3. The commission rejected the appellant's amended claim, and the trial court affirmed the order of the commission.

{¶ 12} On appeal, the appellant argued that the trial court erred in finding that a claim for substantial aggravation of a pre-existing condition must be documented by

objective medical evidence of the pre-existing condition from both before and after the industrial injury. The court in *Smith* affirmed the judgment of the trial court, finding that the appellant had not provided sufficient documentation of her symptoms preceding the injury. In its decision, the *Smith* court noted that the appellant "failed to provide any information such as records or a statement from her prior treating physician." *Id.* at ¶ 18. The court further noted that a subsequent MRI "revealed only the existence of the Chiari malformation and provided an explanation for appellant's current symptoms," but that the testing "did not establish that the condition was substantially aggravated by the injury." *Id.* The court thus concluded that "the trial court did not err in determining that evidence of the condition or symptoms must be documented prior to the injury and presented in support of the claim." *Id.* at ¶ 21.

{¶ 13} In the instant case, the trial court, while acknowledging that *Smith* was not binding, concluded: "the Court agrees with its logic and will apply its holding to the present matter. Therefore, in order for Plaintiff to recover in the present situation she must provide documented evidence of her aggravated condition from both before and after the January 15, 2009 injury." In applying *Smith* "to the facts of this case," the trial court determined that appellant's "claim falls apart," holding in relevant part:

> The only evidence that Plaintiff has presented in support of her claim of an aggravated condition is the testimony of her medical expert, Dr. Charles B. May, D.O. While Dr. May has provided sufficient testimony to show the existence of Plaintiff's current condition, his testimony is insufficient to show that the condition existed before the January 15, 2009 injury. The only evidence that Dr. May presents to establish the existence of the condition pre-injury is the statements made by Plaintiff after the injury. This is not enough. It is the opinion of the Court that Plaintiff has failed to bring forth objective evidence to demonstrate the existence of her condition before the January 15, 2009 injury. As such, Plaintiff's claim for workers' compensation benefits lacks merit and Summary Judgment must be awarded in Defendant's favor.

{¶ 14} We note that *Smith* was one of the first cases to address the 2006 amendment to R.C. 4123.01. Subsequent to *Smith,* several Ohio courts have had occasion to interpret the language of R.C. 4123.01(C), as well as the holding in *Smith*. In *Gardi v. Lakewood School Dist. Bd. of Edn.,* 8th Dist. No. 99414, 2013-Ohio-3436, the plaintiff

appealed the commission's denial of a request for an additional allowance for substantial aggravation of a pre-existing condition. The trial court granted the employer's motion for summary judgment, holding that a condition asserted by a claimant as being substantially aggravated by a workplace injury "must be medically documented *prior* to the workplace injury and presented in support of the claim." (Emphasis sic.) *Id.* at ¶ 6.

{¶ 15} On further appeal to the Eighth District Court of Appeals, the plaintiff asserted that the language of R.C. 4123.01(C)(4) did not require a claimant to submit pre-injury medical documentation of a pre-existing condition. The court in *Gardi* agreed with the plaintiff, reversing the trial court's grant of summary judgment and holding in part that "any requirement that a claimant must present pre-injury documentation of the pre-existing condition before the claimant may recover under R.C. 4123.01(C)(4) for substantial aggravation of the condition adds a requirement that is not in the statute." *Id.* at ¶ 12. The court cited case law from several other districts as consistent with its determination, including *Bohl v. Cassens Transport Co.*, 3d Dist. No. 13-11-36, 2012-Ohio-2248, *Brate v. Rolls-Royce Energy Sys., Inc.*, 5th Dist. No. 12CA000001, 2012-Ohio-4577, and *Pflanz*. The *Gardi* court deemed it significant that in none of the above cited cases did the courts require pre-injury documentation of a pre-existing condition in order to find substantial aggravation of a pre-existing condition under R.C. 4123.01(C)(4).

{¶ 16} In *Gardi,* the court further noted that the trial court had relied on *Smith* in holding that objective medical evidence of a pre-existing condition must be documented prior to the injury and presented in support of a substantial aggravation claim. The appellate court found, however, that "*Smith* does not stand for this proposition." *Id.* at ¶ 20. Specifically, the court cited language in *Smith* stating that objective evidence of a claimant's symptoms preceding an injury " '*would not necessarily require objective "before" and "after" findings or results.*' " (Emphasis sic.) *Id.* at ¶ 23, quoting *Smith* at ¶ 18. Thus, the *Gardi* court observed, "*Smith* merely stands for the proposition that to recover under R.C. 4123.01(C)(4), there must be some objective evidence of substantial aggravation of a pre-existing condition." *Id.* at ¶ 23.

{¶ 17} Following *Gardi,* the Sixth District Court of Appeals revisited its decision in *Smith.* Specifically, in *Lake v. Anne Grady Corp.,* 6th Dist. No. L-12-1330, 2013-Ohio-4740, the appellant-claimant challenged the trial court's decision to grant summary

judgment in favor of the appellee-employer on the appellant's substantial aggravation claim, asserting that the trial court had improperly relied on *Smith,* and arguing that "requiring objective evidence of a condition both before and after an injury would be a novel burden in [workers'] compensation law, and would go far beyond the intent of the *Smith* decision." *Lake* at ¶ 16.

{¶ 18} While the court in *Lake* ultimately affirmed the trial court's grant of summary judgment in favor of appellee, it agreed with the appellant, as well as the analysis of the Eighth District Court of Appeals in *Gardi,* that "*Smith* does not hold that an injured worker is required to produce pre-injury *objective* medical evidence documenting a pre-existing condition to support a substantial aggravation claim." (Emphasis sic.) *Lake* at ¶ 20. The court in *Lake* clarified that, "while pre-injury evidence of a pre-existing condition—whether objective or subjective—is helpful, it is not necessary so long as the worker can demonstrate through 'objective diagnostic findings, objective clinical findings, or objective test results' that the pre[-]existing condition was substantially aggravated by the injury." *Id.*, quoting R.C. 4123.01(C)(4). The court in *Lake* further observed that, "[i]n cases where the pre-injury condition is asymptomatic, providing an initial reference point becomes difficult, especially where the pre-existing condition has never been diagnosed." *Id.* at ¶ 21.

{¶ 19} Other appellate courts, including this court, have similarly recognized that "[l]ack of pre-injury evidence * * * does not preclude a claimant from establishing the existence of a pre-existing condition." *Strickler v. Columbus,* 10th Dist. No. 13AP-464, 2014-Ohio-1380, ¶ 11. *See also Haynik v. Sherwin-Williams Co.,* 8th Dist. No. 100064, 2014-Ohio-1620, ¶ 17 (failure of claimant to present x-ray showing condition of knee prior to workplace accident not fatal to claimant's substantial aggravation claim; requiring documented proof of the injured worker's condition prior to the aggravation injury "is not present" in R.C. 4123.01(C)(4), "and we decline to make it so in the present case").

{¶ 20} In the instant case, the parties do not dispute the absence of pre-injury medical test results or diagnostic findings documenting the conditions at issue. Appellant argues, however, that she presented evidence that her conditions were asymptomatic prior to the workplace injury, and that the trial court failed to consider objective post-injury medical evidence, including the opinion testimony of Dr. May that post-injury

diagnoses of degenerative disc disease and degenerative joint disease most likely preceded the work-related injury.

{¶ 21} Upon review of the relevant case law, we agree with appellant that the trial court erred in its reliance on *Smith* in determining she was required to "provide documented evidence of her aggravated condition from both before and after the January 15, 2009 injury." While R.C. 4123.01(C)(4) mandates objective evidence of substantial aggravation of a pre-existing condition, we agree with those courts that have held that the language of the statute does not require a plaintiff to produce pre-injury documentation of a pre-existing condition in order to prove a substantial aggravation claim. *See, e.g., Gardi, Haynik,* and *Strickler.* As noted by one court, requiring medically documented proof of the injured worker's condition prior to the aggravation injury "would be available only in the most limited and fortuitous circumstances wherein imaging studies had been conducted of the afflicted body part before the workplace accident occurred." *Haynik* at ¶ 17.

{¶ 22} Thus, we conclude in the instant case that the trial court should have determined whether the evidence presented on summary judgment, including the post-injury medical evidence of pre-existing conditions, was sufficient to create a genuine issue of material fact as to the substantial aggravation claim. Accordingly, the trial court erred in granting summary judgment in favor of OhioHealth without considering such evidence, and we therefore vacate the court's grant of summary judgment and remand this matter to the court for its consideration of whether that evidence, construed most strongly in favor of appellant, creates a triable issue of fact.

{¶ 23} Appellant's first assignment of error is sustained.

{¶ 24} Under the second and third assignments of error, appellant contends the trial court erred in ignoring her testimony regarding her pre-injury status and treatment, and in failing to consider the post-injury medical evidence in addressing her substantial aggravation claim. Under both of these assignments of error, appellant again challenges the trial court's reliance upon *Smith* to require pre-injury medical documentation of a pre-existing condition. However, in light of our disposition of the first assignment of error, finding that the trial court erred in its application of *Smith* and remanding this matter for the court to consider all relevant evidence, including post-injury medical

evidence, the issues raised under the second and third assignments of error are rendered moot.

{¶ 25} We next consider OhioHealth's cross-assignment of error in which it contends the trial court erred in failing to grant summary judgment on the independent ground that appellant's expert witness applied the incorrect legal standard. Specifically, OhioHealth, citing Dr. May's deposition testimony that appellant's pre-existing condition was made "worse" by the injury, argues that Dr. May's medical opinion was based on the obsolete aggravation standard as it existed prior to the S.B. No. 7 amendment. OhioHealth maintains that the new standard enacted in 2006 was a legislative rejection of the "any worsening" standard set forth by the Supreme Court of Ohio in *Schell*.[1]

{¶ 26} In response to OhioHealth's cross-assignment of error, appellant argues that OhioHealth has mischaracterized Dr. May's testimony. Specifically, appellant maintains that Dr. May never stated during his deposition that "any worsening" is enough to satisfy the standard under R.C. 4123.01(C)(4), nor did he state that a change in subjective findings is sufficient. Appellant further notes that Dr. May specifically opined that the pre-existing condition of "degenerative disc disease at C5-6 was substantially aggravated by her injury and did result in the radiculopathy," and he further opined that the injury "caused a substantial aggravation of the pre[-]existing degenerative joint disease at C5-6 resulting in the cervical radiculopathy." (Dr. May Depo. 42-43.)[2]

{¶ 27} Here, the trial court never addressed OhioHealth's claim that Dr. May utilized an obsolete standard because it granted summary judgment in favor of OhioHealth solely on the basis that appellant failed to provide documented evidence of her aggravated condition from both before and after the January 15, 2009 injury. Because the trial court did not reach the merits of this issue, we leave such issue for that court to

---

[1] Under *Schell,* an injury did "not have to be of any particular magnitude in order for a claimant to participate in the fund." *Swiczkowski v. Senior Care Mgt.,* 6th Dist. No. L-05-1211, 2006-Ohio-1398, ¶ 14, citing *Schell* at 3. Accordingly, prior to S.B. No. 7, a trier of fact could "find an aggravation through evidence of worsened symptoms even though objective medical testing does not otherwise indicate a worsening condition." *Gower v. Conrad,* 146 Ohio App.3d 200, 204 (10th Dist.2001).

[2] OhioHealth has filed a motion to strike certain exhibits from appellant's brief in response to the cross-appeal. Specifically, OhioHealth seeks to strike exhibits identified as exhibits B and F on the basis that those exhibits were never attached to the summary judgment pleadings before the trial court. In response, appellant argues that those exhibits were introduced during the deposition testimony of Dr. May, but were "inadvertently not included with the transcript." Because the exhibits at issue do not appear to be part of the record on appeal, we hereby grant the motion to strike.

resolve in the first instance, if necessary, on remand. *See, e.g.*, *Mehta v. Ohio Univ.,* 194 Ohio App.3d 844, 2011-Ohio-3484, ¶ 66 (10th Dist.) (where consideration of appellee's cross-assignment of error would require appellate court to determine issues in the first instance, "we will refrain from addressing these issues for the first time herein").

{¶ 28} Accordingly, OhioHealth's cross-assignment of error is not ripe for review at this time, and is therefore rendered moot.

{¶ 29} Based upon the foregoing, appellant's first assignment of error is sustained, appellant's second and third assignments of error are rendered moot, OhioHealth's cross-assignment of error is rendered moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Motion to strike granted; judgment reversed*
*and cause remanded.*

SADLER, P.J., and DORRIAN, J., concur.

————————————————